UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BILLIE J. BORSCHNACK, | ) |
| Petitioner, | ) |
| v. | ) No. 4:21-cv-01420-NAB |
| CHRIS BREWER, | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Billie J. Borschnack's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, the Court will order petitioner to show cause as to why his petition should not be dismissed as time-barred under 28 U.S.C. § 2244(d)(1).

### Background

Petitioner is currently incarcerated at the Western Missouri Correctional Center in Cameron, Missouri. On May 13, 2015, he was convicted following a bench trial of first-degree assault. *State of Missouri v. Borschnack*, No. 12DU-CR01092-01 (35th Jud. Cir., Dunklin County).[1] On May 27, 2015, petitioner was sentenced to fifteen years' imprisonment in the Missouri Department of Corrections. He timely filed a notice of appeal. The Missouri Court of Appeals affirmed petitioner's judgment and conviction on February 16, 2016. *State of Missouri v. Borschnack*, No. SD33932 (Mo. App. 2016).

---

[1] Petitioner's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

Petitioner timely filed a motion to vacate, set aside or correct judgment pursuant to Mo. S.Ct. R. 29.15 on April 29, 2016. *Borschnack v. State of Missouri*, No. 16DU-CC00030 (35th Jud. Cir., Dunklin County). The circuit court denied the motion on July 10, 2018, and petitioner filed a notice of appeal. On February 20, 2019, the Missouri Court of Appeals reversed and remanded the case with directions to make an abandonment determination. *Borschnack v. State of Missouri*, No. SD35659 (Mo. App. 2019).

On October 23, 2019, the circuit court once again denied petitioner's Rule 29.15 motion. *Borschnack v. State of Missouri*, No. 16DU-CC00030-01 (35th Jud. Cir., Dunklin County). With regard to the abandonment issue, the circuit court determined that petitioner had not been abandoned by court-appointed counsel, because the state defender's office had never received the appointment in the first place. In addition, the circuit court found that petitioner's retained counsel had entered his appearance on January 23, 2017, and was required to file an amended motion within sixty (60) days. However, retained counsel did not file an amended motion until July 11, 2017, one-hundred-and-sixty-nine (169) days later. As such, the circuit court did not consider petitioner's amended motion, but only reviewed his original pro se motion. The circuit court concluded that petitioner's pro se Rule 29.15 motion was meritless, and denied it. Petitioner filed a notice of appeal.

The Missouri Court of Appeals affirmed the judgment of the circuit court on October 29, 2020. *Borschnack v. State of Missouri*, No. SD36451 (Mo. App. 2020). Petitioner filed a motion for rehearing and application for transfer to the Missouri Supreme Court, which was denied on November 23, 2020. He then filed an application for transfer in the Missouri Supreme Court, which was denied on January 26, 2021. *Borschnack v. State of Missouri*, No. SC98860 (Mo. 2021). The

2

Missouri Court of Appeals issued its mandate on January 28, 2021. *Borschnack v. State of Missouri*, No. SD36451 (Mo. App. 2021).

## The Petition

Petitioner filed the instant 28 U.S.C. § 2254 petition for writ of habeas corpus by and through counsel on December 2, 2021. (Docket No. 1). In the petition, he argues that he did not receive effective assistance of counsel because his trial attorney failed to obtain his informed consent to the waiver of his right to a jury trial. The petition does not address the issue of timeliness.

## Discussion

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides for preliminary review of a 28 U.S.C. § 2254 petition before directing the respondent to answer. Specifically, the rule states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk of court to notify the petitioner." Having reviewed the petition and the underlying state court actions, and for the reasons discussed below, it appears that the petition is untimely. Therefore, petitioner will be ordered to show cause as to why this petition should not be dismissed.

A. **Timeliness**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). This one-year statute of limitations begins to run on the latest of four alternative dates. *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Relevant here is the provision stating that a habeas petitioner has one year from

the date his judgment becomes final to file his federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A).

The Supreme Court has held that a judgment becomes final under 28 U.S.C. § 2244(d)(1)(A) when the time for seeking review in the state's highest court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). When a Missouri prisoner files a direct appeal, but does not file a motion to transfer to the Missouri Supreme Court, the statute of limitations begins to run fifteen (15) days after the Missouri Court of Appeals affirms the conviction, at the point when the prisoner can no longer seek further review. *See Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015) (explaining that when a petitioner foregoes state appeals, the court must look to state-court filing deadlines to determine the expiration of the time for seeking direct review); and Mo. S.Ct. R. 83.02 (stating that a party seeking transfer to the Missouri Supreme Court must file an application for such transfer "within fifteen days of the date on which the opinion, memorandum decision, written order, or order of dismissal is filed").

In this case, petitioner filed a direct appeal, which was affirmed on February 16, 2016. He did not file a motion for rehearing or a motion to transfer, meaning that his judgment became final fifteen (15) days later, on March 2, 2016. On that date, the statute of limitations started to run pursuant to 28 U.S.C. § 2244(d)(1)(A).

Petitioner filed a postconviction motion on April 29, 2016. At that point, his statute of limitations stopped running while his postconviction action was pending. *See Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005); and 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"). The statute of limitations remained tolled throughout the entirety of petitioner's

4

postconviction process. *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002) (explaining that an application for post-conviction relief "is pending as long as the ordinary state collateral review process is in continuance – i.e., until the completion of that process"). This tolling encompasses the time between the denial of a postconviction motion and the timely filing of an appeal. *See Peterson v. Gammon*, 200 F.3d 1202, 1203 (8th Cir. 2000) (stating that the "ordinary meaning of the word 'pending'…includes the entire period during which a notice of appeal from a denial of post-conviction review would be timely, assuming such a notice was in fact filed").

The Court notes, however, that the period between the date on which petitioner's case became final on direct review, and the date on which he filed for postconviction relief, was not tolled, and counts against him. *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) (explaining that "the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period").

For petitioner, this means that the time that elapsed between March 2, 2016, when his judgment became final on direct review, and April 29, 2016, the date on which his postconviction motion was filed, counts against his one-year statute of limitations. That period amounts to a total of fifty-eight (58) days.

As detailed above, petitioner's postconviction process was a lengthy one. It ended on January 28, 2021, the date on which the Missouri Court of Appeals issued its mandate. *See Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) (determining that petitioner's petition, filed exactly one year after the issuance of the mandate in his post-conviction case, was timely). Even though petitioner moved for rehearing and transfer to the Missouri Supreme Court, the statute of limitations was not tolled during the 90-day period in which a petition for writ of certiorari could have been sought. *See Snow v. Ault*, 238 F.3d 1033, 1035 (8th Cir. 2001).

On January 28, 2021, petitioner's one-year statute of limitations began to run once more. It continued to run until petitioner filed his 28 U.S.C. § 2254 petition on December 2, 2021. Between January 28, 2021 and December 2, 2021, a further three-hundred-and-eight (308) days elapsed. Adding together the fifty-eight (58) days between the end of direct review and the filing of his Rule 29.15 motion in the circuit court, and the three-hundred-and-eight (308) days between the issuance of the Court of Appeals' mandate and the filing of the instant petition, results in a total of three-hundred-and-sixty-six (366) days having run against the one-year statute of limitations.

Put another way, on January 28, 2021, fifty-eight (58) days had already elapsed against petitioner's one-year statute of limitations under 28 U.S.C. § 2244(d)(1)(A). That left him with three-hundred-and-seven (307) days remaining, meaning that his deadline for filing his federal petition for writ of habeas corpus was December 1, 2021. Petitioner, however, did not file his petition until December 2, 2021, one day past that deadline. Therefore, it appears that the petition is untimely.

### B. Order to Show Cause

As previously noted, Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. However, before dismissing a habeas action as time-barred, the Court must provide notice to the petitioner. *See Day v. McDonough*, 547 U.S. 198, 210 (2006). Therefore, the Court will order petitioner to show cause, in writing and not later than thirty (30) days from the date of this order, as to why this action should not be dismissed as untimely. Petitioner should address any perceived error in the Court's calculation of his limitations period, as well as the issue of equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010)

(explaining that a petitioner seeking equitable tolling must show that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing").

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause in writing and within **thirty (30) days** of the date of this order as to why the Court should not dismiss the instant 28 U.S.C. § 2254 petition for writ of habeas corpus as time-barred.

**IT IS FURTHER ORDERED** that petitioner's failure to file a show cause response will result in the denial of the instant habeas corpus petition and the dismissal of this action without further proceedings.

Dated this 11th day of February, 2022.

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE